UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TRENT WALKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:23-cv-00101-RLY-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Motion for Leave to Proceed *In Forma Pauperis*, Granting Motion for Extension of Time, Denying Motion to Appoint Counsel, and Denying Motion for an Evidentiary Hearing**

**I. Motion for Leave to Proceed *In Forma Pauperis***

The petitioner's motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied without prejudice** because no filing fee or other payment is due at this time.

**II. Motion for Extension of Time**

The petitioner's motion for an extension of time, dkt. [3], is **granted**. He shall have **through August 4, 2023**, to file a brief in support of his motion for relief pursuant to 28 U.S.C. § 2255.

**III. Motion to Appoint Counsel**

The authority for appointing counsel in an action seeking relief under § 2255, comes from the Criminal Justice Act, 18 U.S.C. § 3006A. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.").

First, the court must determine whether the petitioner is financially eligible for the appointment of counsel. To be financially eligible for the appointment of counsel, the petitioner does not have to be indigent; he must demonstrate only that he is financially unable to obtain

counsel. *Gish v. Dittmann*, 291 F. Supp. 3d 864, 876 (W.D. Wis. 2017) (citing *United States v. Sarsoun*, 834 F.2d 1358, 1362 (7th Cir. 1987) ("The Criminal Justice Act ... merely requires that a defendant be financially unable to obtain counsel—a lower standard than indigency.")). The petitioner was previously found eligible for appointment of counsel in his criminal case. *United States v. Walker*, 3:20-cr-00012-RLY-MPB-1, dkt. 15. Based on this past appointment, the court concludes that the petitioner is financially eligible for the appointment of counsel.

Next, the court must determine whether the appointment of counsel would serve the interests of justice. A petitioner pursuing federal habeas relief is entitled to counsel only when he is under a death sentence, *see* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott,* 512 U.S. 849, 855 (1994), or when an evidentiary hearing is necessary to resolve the petition. Rule 8(c) of the *Rules Governing Section 2254 Cases*. In this case, the petitioner is not under a death sentence, the § 2255 motion is fully briefed, and no hearing is anticipated. Therefore, whether to appoint counsel is purely a discretionary matter. *See Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997); *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007). Thus, the court must consider "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett,* 130 F.3d at 281.

In this case, the appointment of counsel is not necessary to serve the interests of justice. It does not appear that the difficulty of the case exceeds the petitioner's ability to litigate his claims. Given the petitioner's comprehensible filings and use of the Court's processes, the Court finds that the petitioner is competent to proceed in this action pro se. He has not identified any particular challenges he faces.

The petitioner's motion for appointment of counsel, dkt. [4], is **denied without prejudice.** He has not presented circumstances in which it is in the interest of justice to appoint counsel for the petitioner.

### IV. Motion for Evidentiary Hearing

The petitioner's motion for an evidentiary hearing, dkt. [5], is **denied without prejudice**. At this early stage in which the petitioner's claims have not been fully developed, the court cannot determine whether an evidentiary hearing is necessary.

### V. Conclusion

The motion to proceed *in forma pauperis*, dkt. [2], is **denied**. The motion for an extension of time, dkt. [3], is **granted**. The petitioner shall have **through August 4, 2023**, to file a brief in support of his habeas petition. The motion to appoint counsel, dkt. [4], and motion for an evidentiary hearing, dkt. [5], are **denied without prejudice**.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TRENT WALKER
17186-028
MARION - USP
MARION U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959